# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>ANTEJUAN STEVEN HORTON,<br><br>                  Defendant. | Criminal No. 19-95(2) (JRT/DTS)<br><br>**ORDER ON CONTINUED DETENTION** |

Erica H. MacDonald, United States Attorney, and David P. Steinkamp, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Katherian D. Roe, Federal Defender, and Shannon R. Elkins, Assistant Federal Defender, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant.

Defendant Antejuan Steven Horton pled guilty to Interference with Commerce by Robbery (Hobbs Act Robbery) in violation of 18 U.S.C. § 1951. (Superseding Indictment at 1, May 7, 2019, Docket No. 19; Plea Agreement at 1, June 25, 2019, Docket No. 88.) He was detained pending sentencing. (Detention Order, May 10, 2019, Docket No. 25.)

Horton has moved the Court to consider the need for his continued detention. (Mot., June 24, 2019, Docket No. 67.) He argues that his continued detention is unnecessary to assure his appearance at sentencing and asks the Court to consider home detention with conditions. (*Id.* at 1-2.) Specifically, Horton notes that his mother, who currently has

custody of Horton's two young sons, will be undergoing surgery in August 2019. (*Id.* at 1.) Horton seeks to return home to care for his sons and help his mother in her recovery. (*Id.*)

The Court has considered the record in this case, as well as Horton's motion, the arguments presented at Horton's Change of Plea Hearing, and the updated pretrial services report provided by the probation office. While the Court is sympathetic to Horton's situation, the Court finds that continued detention is warranted.

A person who has been found guilty of an offense and is awaiting sentencing must be detained unless the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community. . . ." 18 U.S.C. § 3143(a)(1). Furthermore, a person who has been found guilty of a crime of violence is subject to mandatory detention and may be released only if the Court finds both (1) that a motion for acquittal or new trial will be granted or the United States has recommended that no sentence of imprisonment be imposed and (2) by clear and convincing evidence that the person is not a flight risk or a danger to a person or the community. *Id.* § 1343(a)(2) (citing § 1342(f)(1)).[1] Alternatively, a defendant subject to mandatory detention under § 1343(a)(2) may be ordered released "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate"

---

[1] The Eighth Circuit has held, and Horton does not dispute, that Hobbs Act Robbery is a crime of violence subjecting him to mandatory detention under 18 U.S.C. § 3143(a)(2) and § 3142(f)(1)(A). *See United States v. Conner*, 924 F.3d 464, 467 (8th Cir. 2019).

and if the Court finds by clear and convincing evidence that he or she is not a flight risk or a danger to any person or the community. 18 U.S.C. § 3145(c) (citing § 3143(a)(1)).

The Court cannot find by clear and convincing evidence that Horton is not a flight risk and does not pose a danger to the community. As noted by U.S. Magistrate Steven E. Rau in Horton's detention order, Horton has a history of failing to appear on both felony and misdemeanor matters; thus, he is a flight risk. (*See* Detention Order at 1.) Furthermore, there is evidence that Horton would present a danger to the community if released, given the violent nature of the offense to which he has pled guilty and his prior conviction. (*See id*. at 2.) These circumstances have not changed since the initial order of detention. Furthermore, the circumstances presented in Horton's Motion do not rise to the level of "exceptional reasons" to order Horton's release. No condition or combination of conditions exist that would ensure Horton's appearance at future Court proceedings and ensure the safety of the community. As such, the Court will deny Horton's Motion.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Address Issue of Detention [Docket No. 67] is **DENIED**.

DATED: July 17, 2019                  ___s/John R. Tunheim___
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                                         Chief Judge
                                               United States District Court